[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12291
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 23, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20645-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN ALLEN ANTHONY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 23, 2005)

Before CARNES, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

Steven Allen Anthony appeals his jury convictions and resulting sentences for being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e), and for possession of a controlled substance, 21 U.S.C. § 844. Anthony makes two arguments: *first*, the district court abused its discretion in denying his motion for a new trial after the government's witness stated that Anthony had an "extensive past" because this unsolicited testimony was prejudicial and tainted the fundamental fairness of his trial; and *second*, this Court should certify the question of whether the defendant's prior convictions must be included in the indictment, submitted to the jury, and proved beyond a reasonable doubt before a court can use them to enhance a defendant's sentence as an armed career criminal under 18 U.S.C. § 924(e). We affirm.

While on duty, two detectives apprehended Anthony a little after 4:00 a.m. in Miami when they saw him running underneath an underpass with a gun in his left hand. The detectives searched Anthony and found a semi-automatic Beretta handgun in his waistband, as well as approximately $1,700 and four grams of crack in his pockets.

At the trial, in response to questions from the government's attorney during direct examination, one of the detectives testified as follows:

Q. Now, to pick up where we left off, after you searched the defendant and found those items, what did you and Detective Villaverde do next?

A. At that time we placed the defendant into our vehicle and we proceeded towards the Dade County Jail.

Q. Did you ultimately go there?

A. We went to the jail, and on the way to the jail I ran the individual on our computer because we're equipped with computers in our vehicle. We realized he had an extensive past.

When the Anthony's attorney raised an appropriate objection to this last comment, and after discussion with the attorneys, the district court eventually gave the following curative instruction, "You heard the detective indicate they found the defendant had a history with an extensive past. The parties have stipulated the defendant is a convicted felon and you are to disregard any implication by the detective's statement there is anything more beyond that stipulation by the parties."

When a curative instruction has been given to address some improper and prejudicial evidence, we will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition. *United States v. Harriston*, 329 F.3d 779, 787 n.4 (11th Cir. 2003).

The district court did not abuse its discretion by denying Anthony's motion for a mistrial because the police detective's comment about Anthony's "extensive

3

past" was not incurably prejudicial. The witness simply mentioned that information incidentally while answering another question regarding the events that had transpired after Anthony's arrest. The district court provided an explicit instruction to the jury to disregard the detective's response and to consider only the parties' stipulation that Anthony was a convicted felon. *See United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996) (noting that we presume that the jury follows the district court's instructions).

The suggestion that we should certify a question to the United States Supreme Court is based on Anthony's argument that recent decisions such as *Shepard v. United States*, 544 U.S. __, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), has called into question the continuing validity of *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

In *Almendarez-Torres*, the Supreme Court held that "[a]n indictment must set forth each element of the crime that it charges . . . [,b]ut it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." 523 U.S. at 228, 118 S.Ct. at 1223. The Court clarified that the government need not allege in its indictment and need not prove prior convictions beyond a reasonable doubt to use those prior convictions in enhancing a sentence. *See* 523 U.S. at 228, 118 S.Ct. at 1223. Prior to the series of decisions relating to

4

sentencing, – *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (1999) , *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 749-51, 160 L.Ed.2d 261 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) – we held that *Almendarez-Torres* was good law. *See United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004). After *Booker*, we held that the Supreme Court's decision in *Almendarez-Torres* "was left undisturbed by *Apprendi, Blakely*, and *Booker*," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).

Defendant properly notes in his brief that this Court directly addressed the argument that *Shepard v. United States*, 544 U.S. __, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) "may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions" but then we held that "the Supreme Court has not explicitly overruled *Almendarez-Torres*." *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir.), *cert. denied*, __ S.Ct. __ (2005). As a result, we must follow *Almendarez-Torres*. *See Hohn v. United States,* 524 U.S. 236, 252-3, 118 S.Ct. 1969, 1978, 141 L.Ed. 2d 242 (1998) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubt about their continuing validity.")*;*

5

*Camacho-Ibarquen*, 410 F.3d at 1315 (noting that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence").

In *United States v. Orduno-Mireles*, 405 F.3d 960, 962-63 & n.3 (11th Cir.), *cert. denied*, 126 S.Ct. 223 (2005), we reaffirmed that *Shepard* does not alter the understanding that "because the prior-conviction exception remains undisturbed after *Booker*, a district court does not err by relying on prior convictions to enhance a defendant's sentence."

This precedent in this Circuit is binding on a panel of this Court and it would be inappropriate for a panel of the Court to certify to the Supreme Court a question that prior panels of the Court have clearly decided.

We note that Anthony's judgment incorrectly states that he "pleaded guilty" to both counts in his indictment. In fact, Anthony was *found guilty by a jury* of both counts charged in the indictment following a trial.

We therefore modify the "Judgment in Criminal Case," entered by the district court on April 12, 2005, so as to eliminate the following sentence, "The defendant pleaded guilty to Count(s) 1 and 2 of the Indictment." The judgment and Anthony's convictions and sentences are nonetheless affirmed.

AFFIRMED AS MODIFIED.