[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12226
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20645-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN ALLEN ANTHONY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 16, 2015)

Before ED CARNES, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Anthony appeals the district court's denial of his motion under

Federal Rule of Criminal Procedure 12(b)(3)(B) to vacate his 2004 indictment for

being a felon in possession of a firearm.  Rule 12(b)(3)(B) provides that the court may, "at any time while the case is pending . . . hear a claim that the indictment . . . fails to . . . state an offense."  In 2005, Anthony appealed and we affirmed his conviction.  United States v. Anthony, 160 F. App'x 906 (11th Cir. 2005) (unpublished).  Our mandate issued on February 22, 2006.  At that point, his case was no longer pending.  See United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009) (holding that the defendant's case "ended, and was no longer pending . . . when the mandate issued" and that "[t]he mandate [wa]s effective when issued.").  The district court therefore lacked authority to hear Anthony's motion.  See id. (affirming district court's denial of 12(b)(3)(B) motion because it "lacked authority to hear" such a motion when the case was no longer pending).

   **AFFIRMED**.

2