[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

Nos. 06-14954 & 07-10094

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 03-20272-CR-PAS, 03-20272-CR-PAS-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                        versus

JUAN CARLOS ELSO,
a.k.a. J.C. Elso,

                                                        Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 19, 2009)

Before: TJOFLAT and CARNES, Circuit Judges, and THRASH[*], District Judge.

PER CURIAM:

_____

[*] Honorable Thomas W. Thrash, United States District Judge for the Northern District of
Georgia, sitting by designation.

## I.

In United States v. Elso, 422 F.3d 1305 (11th Cir. 2005), this court affirmed Juan Carlos Elso's convictions and sentences on two counts of conspiracy to commit money laundering (18 U.S.C. § 1956(a)(1)(B)(i)) (Count 1) and to conduct a financial transaction designed to avoid a transaction reporting requirement (18 U.S.C. § 1956(a)(1)(B)(ii)) (Count 2), both in violation of 18 U.S.C. § 1956(h), as well as a substantive count of money laundering (Count 4), in violation of 18 U.S.C. § 1956(a)(1)(B)(i). The mandate affirming Elso's convictions and sentences issued on December 8, 2005, and the district court entered it on its docket on December 13, 2005.

On April 10, 2006, Elso petitioned the United States Supreme Court for a writ of certiorari. The Court denied his petition on May 15, 2006, Elso v. United States, 547 U.S. 1131, 126 S. Ct. 2049, 164 L. Ed. 2d 784 (2006) (mem.), and denied rehearing on August 21, 2006, Elso v. United States, 548 U.S. 934, 127 S. Ct. 221, 165 L. Ed. 2d 1002 (2006) (mem.).

On June 12, 2006, Elso moved the district court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for relief from judgment on the ground that the court lacked subject matter jurisdiction as to Count 4 of the indictment or,

alternatively, that Count 4 failed to state an offense.[1] Elso argued that the court lacked jurisdiction over Count 4 because the indictment omitted an essential element of the Count 4 offense, i.e., it failed to allege that the financial transaction at issue affected interstate or foreign commerce. On August 14, 2006, the district court entered an order denying Elso's motion on alternative grounds, one being that the motion was untimely under Rule 12(b)(3)(B) and the challenge to the indictment thus waived under Rule 12(e). On August 31, 2006, Elso moved the district court for reconsideration of the August 14 order. Then, before the court ruled on the motion for reconsideration, Elso filed a notice of appeal on September 7, 2006, to challenge the August 14 order.[2]

On October 20, 2006, Elso moved the district court, pursuant to 28 U.S.C. §§ 144 and 455, to recuse from handling any further proceedings involving him. The court denied the motion on November 27, 2006, and, on December 29, 2006,

---

[1] Rule 12(b)(3)(B) states:

(3) **Motions That Must Be Made Before Trial.** The following must be raised before trial:
. . .
   (B) a motion alleging a defect in the indictment or information –
   but at any time while the case is pending, the court may hear a
   claim that the indictment or information fails to invoke the court's
   jurisdiction or to state an offense.
(emphasis added).

[2] Eleventh Circuit Case No. 06-14954.

3

Elso filed an amended notice of appeal to challenge the court's rulings of August 14 and November 27.[3] We thereafter consolidated the appeals. We first consider Elso's appeal of the district court's denial of the Rule 12(b)(3)(B) motion and, in light of our disposition of that appeal, then address Elso's appeal of the denial of the recusal motion.

## II.

Rule 12(b)(3)(B) authorizes the district courts, "at any time while the case is pending," to hear a claim that the indictment fails to invoke the court's jurisdiction or to state an offense. Elso's case ended, and was no longer pending, in December 2005, when the mandate issued in United States v. Elso. See 422 F.3d 1305 (11th Cir. 2005). Elso argues that the case did not end until August 21, 2006, when the Supreme Court denied rehearing of its denial of Elso's petition for certiorari. He is wrong for two reasons. First, his April 10, 2006 petition to the Supreme Court for a writ of certiorari did not operate to nullify or suspend the effect of this

---

[3] Eleventh Circuit Case No. 07-10094. The amended notice of appeal also challenged the district court's order denying Elso's motion for reconsideration of the August 14 order, which the court entered on November 28, 2006, as well as two other orders. Because Elso does not expressly refer to these other orders in his opening brief, he has abandoned his challenges to them to the extent his arguments on those orders do not overlap with his properly presented challenges to the district court's orders denying the motion for relief from judgment or the recusal motion. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 972 (11th Cir. 2008) ("It is well settled in this circuit that an argument not included in the appellant's opening brief is deemed abandoned.").

court's mandate in <u>United States v. Elso</u>.[4]  <u>See</u> Fed. R. App. P. 41(c) ("The mandate is effective when issued.").  Second, assuming that the mandate had not issued, in which event the case would not have ended until the Supreme Court disposed of his petition for a writ of certiorari, Elso cannot avoid the fact that the Court denied his petition, thus certainly ending the case, on May 15, 2006 – twenty-eight days before he moved the district court for Rule 12(b)(3)(B) relief. Elso would avoid such finality by pointing out that he petitioned the Supreme Court for rehearing and that the Court did not deny his petition for rehearing until August 21, 2006, seventy days after he filed his Rule 12(b)(3)(B) motion.  The petition for rehearing, however, gained him nothing because neither the Court nor a Justice suspended the order denying the writ.  Supreme Court Rule 16.3, **Disposition of a Petition for a Writ of Certiorari**, states, in relevant part:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed.  The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.

In that the Court's order denying the writ of certiorari was not suspended pending

---

[4] Elso could have petitioned the court to stay the issuance of the mandate while he petitioned the Supreme Court for a writ of certiorari, Fed. R. App. P. 41(d)(2), but he did not do so.  Nor did he ever petition this court to recall the mandate.  <u>See</u> 11th Cir. R. 41-1.

the disposition of Elso's petition for rehearing, under this assumed scenario, the case ended, at the latest, on May 15, 2006, before Elso filed his Rule 12(b)(3)(B) motion.

The district court lacked authority to hear Elso's Rule 12(b)(3)(B) motion for relief from judgment. The order denying the motion is affirmed for that reason.

## III.

Elso's December 29, 2006 appeal is also meritless. Since no case was pending before the district court on October 20, 2006, when Elso moved the court to recuse, the court lacked jurisdiction to entertain the motion or any of the matters associated with it, which, for the convenience of the reader, we have omitted from this opinion. The rulings challenged in the December 29 appeal are affirmed on the ground that the district court lacked jurisdiction to grant the relief Elso sought.

AFFIRMED.