[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16191
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 89-00157-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES F. SMITH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2011)

Before MARTIN, KRAVITCH, and BLACK, Circuit Judges.

PER CURIAM:

James Smith, a federal prisoner proceeding pro se, appeals the district

court's order denying his post-judgment motion to dismiss an April 1988

indictment for lack of subject matter jurisdiction. After thorough review of the

record and the parties' briefs, we reverse the district court's order denying Smith's motion and remand the case for further proceedings consistent with this opinion.

I.

On the morning of January 28, 1988, a United States Coast Guard cutter intercepted the sailing vessel *Capilya*, which had been flying an Australian flag, off the southwest coast of Haiti. Smith, who was on board the *Capilya*, refused to allow the Coast Guard to board the boat. But upon spotting the vessel again on February 2, 1988, the Coast Guard, having by then received a statement of no objection from the Australian government, boarded the *Capilya* and discovered marijuana aboard.

On April 29, 1988, a federal grand jury sitting in the Southern District of Florida returned a superseding indictment that charged Smith with various narcotics and firearms violations. On June 21, 1988, Smith pleaded guilty to possession with intent to distribute marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a).[1] But Smith failed to appear for sentencing on September 19, 1988. On April 4, 1989, Smith was indicted for failure to appear in violation of both 18 U.S.C. § 401(3) and 18 U.S.C. § 3146.

---

[1] This provision, as revised, is now codified at 46 U.S.C. § 70503.

Smith remained a fugitive until he was arrested in an unrelated case on April 30, 2003. On July 11, 2003, Smith pleaded guilty to failure to appear in violation of 18 U.S.C. § 3146. The failure to appear case was consolidated with the marijuana case for the purposes of sentencing. The district court sentenced Smith to consecutive terms of 252 months imprisonment on the drug conviction and 10 months imprisonment on the failure to appear conviction. Smith filed timely notices of appeal in both cases, and this Court affirmed in both cases, with the mandate issuing on May 12, 2004 in the failure to appear case and on July 1, 2005 in the marijuana case.

On June 17, 2008, Smith filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence in the marijuana case.[2] In his § 2255 motion, Smith challenged the court's subject matter jurisdiction, claiming that he and his coconspirators never intended to enter the United States and that there was no agreement to possess with intent to distribute the marijuana in the United States, and therefore, there was no jurisdiction over the offense of conviction. The district court denied Smith's § 2255 motion as time-barred, and alternatively, on

_____

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

3

the merits. Both the district court and this Court denied Smith's motions for a certificate of appealability.

On October 14, 2009, Smith filed a <u>pro se</u> post-judgment motion in his failure to appear case. In that motion, which Smith styled as a "Motion by Cross-Claimant James Smith Reopening the Criminal Case on Motion to Dismiss for Lack of Jurisdiction," Smith argued that the court in Smith's marijuana case lacked subject matter jurisdiction because the government failed to prove that it had jurisdiction over the *Capilya* and because any proof the government could offer to establish jurisdiction over the *Capilya* would violate Smith's rights under the Confrontation Clause. The government responded that the district court lacked jurisdiction to consider the motion either as a motion challenging the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B) or as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The government argued that there was no Rule 12(b)(3)(B) jurisdiction because Smith's marijuana case was no longer pending. Viewing the motion as a § 2255 motion, the government asserted that jurisdiction was lacking because Smith had not obtained authorization from this Court to file a second or successive § 2255 motion. The government argued alternatively that Smith's motion should be denied on the merits. In a brief order, the district court denied Smith's motion, explaining that "[a]s thoroughly

addressed in the Government's response, the [c]ourt lack[ed] jurisdiction to consider the motion and, even if the [c]ourt had jurisdiction, the motion lacks merit." Smith now appeals that order.

## II.

Subject matter jurisdiction of the district court is reviewed de novo. United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003); see also Castro v. United States, 540 U.S. 375, 377, 124 S. Ct. 786, 789 (2003) ("Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently."). Smith's post-judgment motion in the failure to appear case could be construed either as a motion challenging the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), or as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

Under Rule 12(b)(3)(B), "a motion alleging a defect in the indictment or information [must be made before trial,] but at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction." A case is no longer "pending" for the purposes of Rule 12(b)(3)(B) once the mandate has issued in the direct appeal. United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009). As noted above, the mandates issued in Smith's direct appeals in 2004 and 2005. Smith's post-judgment motion in the failure to appear case was not filed until 2009. As such, neither case was "pending" for purposes of Rule 12(b)(3)(B) when the motion was filed, and the district court therefore could not consider the motion under Rule 12(b)(3)(B).[3]

But as the government's argument suggests, Smith's motion could also be construed as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The statute provides a basis by which a federal prisoner may challenge his conviction "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). In his motion, Smith argued both

---

[3] We note that Smith's motion was filed in his failure to appear case, but it sought dismissal of the indictment in his marijuana case. Because this Court's mandates in both cases were issued well before the motion was filed, however, our conclusion with respect to a 12(b)(3) motion must be the same regardless of which indictment Smith attacked and in which case he filed the motion.

that the court in his marijuana case lacked subject matter jurisdiction and that his sentence was imposed in violation of his rights under the Confrontation Clause. The government argued, and the district court apparently agreed, that the court lacked jurisdiction to consider Smith's motion as a § 2255 motion because it would be a second or successive § 2255 motion. Because Smith's motion was filed in his failure to appear case, we cannot agree.

To file a second or successive § 2255 motion, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Because Smith never obtained authorization from this Court, the district court would lack jurisdiction to consider a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). But a § 2255 motion is not second or successive within the meaning of § 2244(b)(3) if it attacks, for the first time, a different judgment than an earlier § 2255 motion. See Magwood v. Patterson, 130 S. Ct. 2788, 2792 (2010) (holding that a habeas application brought under 28 U.S.C. § 2254 is not "second or successive" under 28 U.S.C. § 2244(b) if it "challenges a new judgment for the first time"). That is the situation here because Smith's earlier § 2255 motion was filed in his marijuana case, while the present motion was filed in his failure to appear case.

7

Smith's motion would therefore be construed as a first § 2255 motion, rather than as a second or successive motion. But a "court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 377, 124 S. Ct. at 789. The district court did not comply with the Castro requirements in this case, and therefore erred in its alternative holding denying Smith's motion on the merits.

We conclude that because Smith's motion could properly be construed as his first § 2255 challenge to his failure to appear conviction, the district court erred in holding that it lacked subject matter jurisdiction to consider the motion and further erred in denying Smith's motion on the merits without having first complied with Castro. The district court's order is therefore REVERSED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**