[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13380
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00228-JSM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIGIFREDO OLIVEROS-ESTUPINAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 4, 2014)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Sigifredo Oliveros-Estupinan ("Estupinan"), proceeding *pro se*, appeals the district court's denial of his post-judgment motion to dismiss his indictment for lack of subject matter jurisdiction, which attacked the constitutionality of his convictions and was filed more than eight years after the convictions were final, and after he unsuccessfully sought 28 U.S.C. § 2255 relief. In his motion, which he claimed was filed pursuant to Rule 57(b) of the Federal Rules of Criminal Procedure, the All Writs Act, and the district court's inherent supervisory power, Estupinan challenged the constitutionality of the Maritime Drug Law Enforcement Act ("MDLEA") following *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), and asked for his conviction to be vacated because the court lacked subject matter jurisdiction over his prosecution. The district court denied Estupinan's motion, finding that his reliance on *Bellaizac-Hurtado* was misplaced because that case only applied to individuals apprehended within the territorial waters of foreign countries, and that the MDLEA was constitutional for individuals, like Estupinan, who were apprehended in international waters.

Estupinan appeals, arguing that he was convicted of an unconstitutional law and that his convictions and sentences should be vacated. He asks us to review his case *en banc*, or alternatively certify the issue to the Supreme Court because the Constitution authorizes Congress to create a felony offense for crimes committed

2

on the high seas, but, in *Bellaizac-Hurtado*, this Court held that Congress could not create an international felony of drug trafficking.

After consideration of the parties' filings on appeal and review of the record, we affirm.[1]

We review the district court's denial of a motion to dismiss the indictment for an abuse of discretion. *United States v. Rojas*, 718 F.3d 1317, 1319 (11th Cir. 2013). However, we review *de novo* questions concerning the district court's jurisdiction, and we may affirm for any reason supported by the record. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

Rule 12(b)(3) of the Federal Rules of Criminal Procedure provides that a motion alleging a defect in the indictment generally must be filed before trial. Fed.R.Crim.P. 12(b)(3)(B). The rule, however, also states that, at any time while a case is pending, the district court may hear a claim that the indictment fails to invoke the court's jurisdiction or to state an offense. *Id.*

Where a federal prisoner is collaterally attacking his sentence as violating the U.S. Constitution, § 2255 is the proper avenue of relief. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). When a prisoner previously has filed a

---

[1] The government has filed a motion to dismiss the appeal or to summarily affirm and to stay the briefing schedule. Estupinan responded and moved for sanctions against the government for its purported failure to comply with this Court's briefing schedule. Both motions are DENIED.

§ 2255 motion to vacate, he must apply for and receive permission from us before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255(h).

Rule 57(b) of the Federal Rules of Criminal Procedure provides that the district judge may regulate practice in any manner so long as it is consistent with federal law, the Federal Rules of Criminal Procedure, and the district court's local rules.  Fed.R.Crim.P. 57(b).  The All Writs Act gives a district court the power to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

In *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009), we affirmed the district court's denial of the defendant's post-judgment motion, under Rule 12(b)(3)(B), for relief from judgment, in which the defendant argued that the court lacked subject matter jurisdiction as to one of the counts of the indictment or, alternatively, that the count failed to state an offense.  The defendant filed his motion after we had issued its mandate in his direct appeal and the U.S. Supreme Court had denied his petition for a writ of *certiorari*, but before the Court had denied his petition for rehearing.  *Id.* at 1165.  We held that the defendant's case was no longer "pending," as that term is used in Rule 12(b)(3)(B), when we issued our mandate on direct appeal.  *See id.* at 1166.  Moreover, once a case is no longer pending, a district court lacks authority to hear a Rule 12(b)(3) motion for relief from judgment.  *Id.*

4

In *Bellaizac-Hurtado*, we vacated four defendants' convictions under the MDLEA, holding that the Act was unconstitutional as applied to the defendants, whose conduct took place in the territorial waters of Panama. 700 F.3d at 1247-48, 1258. In that case, the U.S. Coast Guard, during a routine patrol of Panamanian waters, informed the Panamanian Navy of a vessel that was operating without lights or a flag. *Id.* at 1247. After the Panamanian Navy pursued the vessel, the defendants abandoned the vessel and fled into a jungle. *Id.* The Panamanian authorities located the defendants, searched the vessel, discovered 760 kilograms of cocaine on board, and consented to the prosecution of the defendants in the United States. *Id.* at 1247-48. Following the denial of their motion to dismiss the indictment "based upon the lack of jurisdiction and the unconstitutionality of the [MDLEA] as applied to [their] conduct," the defendants entered conditional guilty pleas to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. *Id.* at 1248.

On appeal, we considered whether Congress has the power to proscribe drug-trafficking in the territorial waters of another nation under the Offences Clause of the U.S. Constitution, which provides Congress the power to define and punish offenses against the law of nations. *Id.* at 1248-49 (citing U.S. Const., Art. I, § 8, cl. 10). We held that, because drug-trafficking is not a violation of

customary international law, Congress does not have power to proscribe drug-trafficking in foreign territorial waters under the Offences Clause. *Id.* at 1249-58. However, we distinguished cases addressing the constitutionality of drug-trafficking laws that involve conduct on the "high seas," noting that Congress's power to punish felonies committed on the high seas was not implicated in the case and that Congress possesses additional constitutional authority to restrict conduct on the high seas. *Id*. at 1248, 1257. In particular, we have "always upheld extraterritorial convictions under [ ] drug trafficking laws as an exercise of power under the Felonies Clause," which gives Congress the power to define and punish felonies committed on the high seas. *Id.* Generally, the United States "recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts." *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (affirming the defendant's MDLEA conviction on the basis that the district court did not clearly err in finding that his vessel was in international waters at the time of its interception by the Coast Guard).

A petition for an *en banc* hearing must begin with a statement that either (1) a panel decision of our court conflicts with a decision of the U.S. Supreme Court or of the court to which the petition is addressed, or (2) the proceeding

involves a question of "exception importance," such as a panel decision of our court that conflicts with the decisions of other circuit courts.  Fed.R.App.P. 35(b).

Estupinan has not identified a jurisdictional basis on which the district court could properly have considered his motion, and he does not argue on appeal that the district court should have construed his motion to dismiss as a § 2255 motion to vacate or a 28 U.S.C. § 2241 petition.

**AFFIRMED.**