[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11047
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-21019-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MARRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 13, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

David Marrero appeals the denial of his *pro se* motion to dismiss his indictment for health care fraud, conspiracy to commit money laundering, and money laundering. *See* Fed. R. Crim. P. 12(b)(3)(B). Marrero moved to dismiss his indictment more than two years after his conviction became final on direct appeal. He argued that his indictment was void ab initio because the offenses charged were not within the power of Congress to regulate under the Commerce Clause. The district court denied Marrero's motion. Because Marrero failed to file his motion while his case was pending, *see id.*, we vacate the order that denied his motion on the merits and remand with instructions for the district court to dismiss for lack of jurisdiction.

"[W]e are obligated to address the district court's jurisdiction to issue a ruling we are reviewing on appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). "[W]e review jurisdictional issues *de novo*." *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

The district court lacked jurisdiction to entertain Marrero's collateral challenge to his indictment. A defendant may move to dismiss the charges against him on the ground there is a "defect in the indictment," but the motion must be filed "while the case is pending." Fed. R. Crim. P. 12(b)(3)(B). When a case is no longer pending, the district court is divested of authority to consider a motion for relief from the judgment. *See United States v. Elso*, 571 F.3d 1163, 1166 (11th

2

Cir. 2009).  Marrero's case was no longer pending after he exhausted his claims on direct appeal and we issued our mandate on September 14, 2011.  *See id.*  On February 19, 2014, when Marrero moved to dismiss his indictment, the district court lacked authority to consider Marrero's motion.  We vacate the order that denied Marrero's motion on its merits and remand with instructions for the district court to dismiss for lack of jurisdiction.

**VACATED AND REMANDED WITH INSTRUCTIONS.**