[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11841
Non-Argument Calendar
_____

D.C. Docket No. 8:98-cr-00345-EAK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAPHAEL ZACKERY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 28, 2014)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2000, Raphael Zackery pled guilty to two federal charges: bank robbery (Count 7); and using and carrying a firearm in relation to the bank robbery (Count 8). Count 7 of the indictment alleged that the bank which Mr. Zackery robbed – a First Union Bank in Clearwater, Florida – was insured by the Federal Deposit Insurance Corporation. At the change of plea hearing, the government, in providing the factual basis for Count 7, stated that First Union Bank was insured by the FDIC at the time of the robbery. Mr. Zackery agreed with the government's factual proffer.

Mr. Zackery did not appeal his conviction or sentence. Instead, he filed a motion to vacate under 28 U.S.C. § 2255 in 2011. The district court dismissed the motion, ruling in relevant part that it was time-barred. The district court denied Mr. Zackery a certificate of appealibility, and so did we.

In October of 2013, Mr. Zackery filed a motion alleging that the district court lacked jurisdiction over Count 7 of the indictment because First Union Bank was not FDIC-insured at the time of the robbery. In essence, Mr. Zackery attacked his convictions on Count 7 and Count 8 (which was in part based on Count 7). The district court denied Mr. Zackery's motion on a number of grounds, and Mr. Zackery now appeals. Following review of the parties' briefs and the record, we affirm.

2

Given that Mr. Zackery was seeking to set aside his convictions on Counts 7 and 8, his 2013 motion constituted a second or successive § 2255 motion to vacate. In order to file a second or successive § 2255 motion, Mr. Zachery had to first obtain authorization from the Eleventh Circuit. *See* 28 U.S.C. § 2255(h). Because he did not obtain such authorization, the district court correctly held that it "lack[ed] jurisdiction to consider" Mr. Zackery's 2013 motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

The motion, moreover, could not be considered under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, as Mr. Zackery's criminal case was no longer pending in the district court at the time the motion was filed. *See United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009). The district court's order of dismissal is affirmed.

**AFFIRMED.**