[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11248
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80078-DMM


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERBY AURELHOMME,
WINSKY MONDESTIN,

Defendants-Appellants.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(January 16, 2015)

Before MARTIN, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kerby Aurelhomme and Winsky Mondestin challenge their 240-month sentences of imprisonment, imposed after their convictions for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and making false statements of material fact to investigators.  Aurelhomme argues that the district court erred under Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), by applying a firearms enhancement based on facts not found by a jury.  He also argues that the district court clearly erred by finding that the discharge of a firearm was reasonably foreseeable, and that a victim was abducted—two findings that led to further enhancements of his sentence.  Mondestin argues that the district court clearly erred by finding that the discharge of a firearm and the victim's injuries were reasonably foreseeable—two findings that led to enhancements of his sentence.  After careful review of the record, we affirm.

## I.

We review de novo claims of Alleyne error.  United States v. King, 751 F.3d 1268, 1279 (11th Cir.) (per curiam), cert. denied, 574 U.S. ___, 135 S. Ct. 389 (2014).  In Alleyne, the Supreme Court concluded that a fact is an element of the offense that must be found by a jury if it increases the range of sentences authorized by statute.  570 U.S. at ___, 133 S. Ct. at 2162.  Following Alleyne, this Court has held that a district court may make guidelines calculations based on judicial factfindings so long as those findings do not increase the statutory

2

minimum or maximum authorized by facts determined in a guilty plea or jury verdict. United States v. Charles, 757 F.3d 1222, 1225 (11th Cir. 2014).

The district court's finding that a firearm was discharged during the robbery did not increase the statutory minimum or maximum for any of Aurelhomme's convictions. Enhancing his sentence based on this judicial factfinding was therefore not Alleyne error.

## II.

Defendants challenge several other enhancements based on judicial factfindings. We review the district court's factfindings for clear error, its application of the guidelines to the facts with due deference, United States v. Garcia-Sandobal, 703 F.3d 1278, 1282 (11th Cir. 2013), and its determinations of the applicable guidelines range de novo, United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004) (per curiam). When a defendant challenges the factual basis of his sentence, the government must prove disputed facts by a preponderance of the evidence. United States v. Aguilar-Ibarra, 740 F.3d 587, 592 (11th Cir. 2014) (per curiam). The district court must make independent factfindings supporting its guidelines calculations. United States v. Hamaker, 455 F.3d 1316, 1338 (11th Cir. 2006). Its findings may be based on evidence heard at trial, undisputed statements in the PSR, or evidence presented at sentencing. Id.

3

III.

A.

First, both defendants challenge the district court's application of a seven-level enhancement because a firearm was discharged during the robbery.  See United States Sentencing Guideline § 2B3.1(b)(2)(A).  When a defendant is a party in a criminal conspiracy, he is accountable for any conduct of his coconspirators that is in furtherance of and reasonably foreseeable in connection with the jointly undertaken criminal activity.  United States v. Isaacson, 752 F.3d 1291, 1305 (11th Cir. 2014).  An act is reasonably foreseeable if it is a "necessary or natural consequence of the unlawful agreement."  United States v. Cover, 199 F.3d 1270, 1275 (11th Cir. 2000) (per curiam), superseded by regulation on other grounds as noted in United States v. Diaz, 248 F.3d 1065, 1107 (11th Cir. 2001).  Reasonably foreseeable acts may include those not expressly agreed to by the conspirators.  Id.

The district court did not clearly err by finding that the discharge of a firearm by defendants' coconspirator was reasonably foreseeable to them.  Undisputed statements from the PSR show that defendants worked for a company that transported money and other valuables in armored vehicles.  Before robbing one of those vehicles, they planned the robbery by discussing its security features with their supervisor, and by making at least twenty phone calls to each other on the morning of the robbery.  Aurelhomme worked as an armored vehicle driver, so

4

he and his coconspirators should have known that the guard in the vehicle was usually armed.  The discharge of a firearm is a necessary or natural consequence of robbing an armored vehicle because an armored vehicle is usually guarded by armed personnel.   Further, discharging a firearm is assaultive conduct, which is foreseeable given the nature of a robbery.  USSG § 1B1.3 cmt. n.2.  Applying the firearm-discharge enhancement was not error.

## B.

Second, Aurelhomme challenges the district court's application of a four-level enhancement because a person was abducted to facilitate the robbery.  See id. § 2B3.1(b)(4).  An abduction occurs when a victim is forced to accompany an offender to a different location.  Id. § 1B1.1 cmt. n.1(A).

The district court did not clearly err by finding that a guard in the armored vehicle was abducted to facilitate the robbery.  The victim testified that he was thrown into the rear of the armored vehicle, and that his assailant forced him onto the floor as the vehicle was driven away.  The abduction facilitated the robbery because the money in the vehicle was unloaded at the destination.  Applying the abduction enhancement was not error.

## C.

Finally, Mondestin challenges the district court's application of an enhancement because a victim of the robbery suffered a bodily injury.  See id.

5

§ 2B3.1(b)(3).  A defendant is accountable for all harm—including bodily injury, id. § 1B1.3 cmt. n.4—resulting from his own acts and from reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity, id. § 1B1.3(a)(3).

The district court did not clearly err by finding that Mondestin was accountable for the gunshot wound and heart attack that the victim suffered during the robbery.  Mondestin was accountable for the gunshot wound because it resulted from his coconspirator's discharge of a firearm, which was reasonably foreseeable to Mondestin.  See id. § 1B1.3(a)(3).  And he was accountable for the heart attack because it resulted from his coconspirator's assault of the victim, which was reasonably foreseeable conduct during a robbery.  See id. § 1B1.3 cmt. n.2; see also 18 U.S.C. § 1951(b)(1) (Hobbs Act robbery requires the use of actual or threatened force, violence, or fear of injury to a person, his property, or the person or property of a relative or family member or anyone in his company at the time).  Applying the injury enhancement to Mondestin's sentence was not error.

AFFIRMED.