[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12943
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00425-JIC-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL KNOWLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel Knowles, proceeding pro se, appeals the district court's denial of his

motion for retroactive recusal.  Knowles filed the motion after he was convicted

and sentenced in the district court and also well after his 28 U.S.C. § 2255 motion

to vacate was denied.  Knowles's motion alleged that the district judge should be retroactively recused from Knowles's underlying criminal proceedings for bias, as evidenced by a number of the court's rulings in the criminal case.  Knowles sought relief under 28 U.S.C. § 455, or, alternatively, under Federal Rule of Civil Procedure 60(b).  After careful review, we affirm.

We are obligated to determine, as an initial matter, whether the district court had jurisdiction to consider a case on the merits.  Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1297-98 (11th Cir. 1999).  We review de novo questions concerning subject matter jurisdiction of the district court.  Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000).  We construe pleadings filed by pro se parties liberally.  See Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997).

A judge may be disqualified "in any proceeding in which his impartiality might reasonably be questioned," or in any circumstances "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. §§ 455(a), (b)(1).  Under § 455, a "proceeding" is defined to include "pretrial, trial, appellate review, or other stages of litigation."  Id. § 455(d)(1).  Therefore, a district court lacks jurisdiction to consider a motion to recuse the court if it is filed when no case is pending before the district court.  United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009).  In Elso, a federal prisoner filed a motion to recuse the district court

2

judge from any further proceedings after we had affirmed his convictions and sentences on direct appeal and the Supreme Court had denied his petition for certiorari. Id. at 1165. We affirmed the district court's denial of his § 455 motion because the district court lacked jurisdiction to grant relief. Id.

Rule 60(b) allows a party to seek relief or reopen a civil case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(b) does not provide for relief from judgment in a criminal case. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

Collateral attacks on the legality of a federal sentence typically must be brought under § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner who previously filed a § 2255 motion must apply for and obtain authorization from a court of appeals before filing a "second or successive" § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without this prior authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

A Rule 60(b) motion from the denial of a § 2255 motion is considered a successive motion if it seeks to present a new ground for relief from a judgment of

3

conviction or if it attacks the federal court's previous resolution of a claim on the merits. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (addressing a § 2254 habeas petition); see also Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (holding that the rule espoused in Gonzalez applies equally to federal prisoners). In other words, when a federal prisoner seeks to assert or reassert a claim for relief but does not point out a defect in the integrity of an earlier § 2255 proceeding, his motion is the equivalent of a second or successive motion. Gilbert, 640 F.3d at 1323. Conversely, a Rule 60(b) motion is permissible if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction." Gonzalez, 545 U.S. at 533. Thus, a Rule 60(b) motion would be proper, for example, if it: (1) asserts that a federal court's previous ruling, that precluded a merits determination (i.e., a procedural ruling such as a failure to exhaust, a procedural bar, or a statute-of-limitations bar), was in error; or (2) attacks a defect in the federal proceeding's integrity, such as a fraud upon the court. See id. at 532-535 & n.4, n.5.

Here, the district court did not have jurisdiction to hear Knowles's § 455 motion. As the record shows, Knowles filed his motion for recusal after his criminal prosecution was concluded, after his convictions and sentences were affirmed by this Court, and after his § 2255 motion to vacate was denied by the

4

district court.  See Elso, 571 F.3d at 1166.  Although he had pending motions to unseal documents at the time he filed his recusal motion, they were not part of the litigation, but were administrative in nature and were not collateral challenges to his convictions.  Additionally, his § 455 motion did not relate to recusal regarding these pending motions; rather, it challenged proceedings that had already been completed.  As a result, no case was pending before the district court at the time Knowles filed his motion for recusal.

As for Knowles's alternative request for relief under Rule 60(b), it was properly denied because Knowles's motion related to his criminal proceedings and Rule 60(b) does not provide for relief from judgment in a criminal case.  Mosavi, 138 F.3d at 1366.  Although Rule 60(b) can provide relief from a § 2255 judgment, Knowles only claimed that the trial court erred in conducting his underlying criminal proceedings.  Gonzalez, 545 U.S. at 532-535 & n.4, n.5.  To the extent Knowles's motion could be construed as a successive § 2255 motion, it was improperly filed without our authorization.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Thus, the district court lacked jurisdiction to consider the motion.  Holt, 417 F.3d at 1175.

**AFFIRMED**.