[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11287
Non-Argument Calendar

_____

D.C. Docket No. 0:03-cr-60235-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNE SOREIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 7, 2019)

Before MARTIN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Arne Soreide, proceeding pro se, appeals the district court's denial of Soreide's post-conviction motions under Fed. R. Crim. P. 12(b), and for reconsideration.  No reversible error has been shown; we affirm.

In 2004, Soreide was convicted of conspiracy to commit mail and wire fraud, mail and wire fraud, money laundering, engaging in prohibited monetary transactions, and filing fraudulent tax returns.  We affirmed Soreide's convictions on direct appeal but vacated his sentences and remanded for resentencing in the light of United States v. Booker, 543 U.S. 220 (2005).  United States v. Soreide, 177 F. App'x 31 (11th Cir. 2006).  On remand, the district court imposed the same sentence and entered an amended judgment on 5 October 2006.  Soreide filed no direct appeal from the amended judgment.

In 2007, Soreide filed pro se a motion to vacate his sentences under 28 U.S.C. § 2255.  The district court denied the motion on the merits; we denied Soreide a certificate of appealability.  In 2016, Soreide filed a second section 2255 motion.  The district court determined that the motion constituted an unauthorized second or successive section 2255 motion and, thus, dismissed it for lack of jurisdiction.

2

In March 2019, Soreide filed the pro se motion at issue in this appeal, which is titled "Motion Pursuant to Fed. R. Crim. P. 12(a)-(b)."  In his motion, Soreide seeks to reverse his convictions and to vacate his sentences.  Briefly stated, Soreide contends that the district court lacked jurisdiction over Soreide's criminal trial because Soreide never received a copy of the indictment and never had the indictment read or explained to him.  Soreide also challenges the district court's jury instructions, alleges juror misconduct, and challenges his sentences as procedurally and substantively unreasonable.

The district court denied Soreide's motion for lack of jurisdiction, determining that Soreide's case was no longer pending, as required by Rule 12(b)(2).  The district court later denied Soreide's motion for reconsideration.

We review de novo questions about jurisdiction.  United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009).  We review the district court's denial of a motion for reconsideration under an abuse-of-discretion standard.  United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The district court committed no error in denying Soreide's motion for lack of jurisdiction.  Generally speaking, Rule 12 governs the filing of pretrial motions. A motion challenging the district court's jurisdiction under Rule 12(b)(2),

3

however, "may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). Soreide filed his Rule 12 motion more than twelve years after the mandate issued in his direct appeal of his convictions and after his amended judgment had become final. That Soreide's criminal case was no longer "pending" when he filed his Rule 12 motion is clear. Cf. United States v. Elso, 571 F.3d 1163, 1166 (11th Cir. 2009) (a defendant's criminal case ends when the mandate issues on direct appeal or when the Supreme Court denies a petition for certiorari). Accordingly, the district court lacked jurisdiction to consider Soreide's Rule 12(b)(2) motion. See id.

Furthermore, we note that Soreide's motion -- in which he seeks to challenge collaterally his convictions and sentences -- may be more properly construed as a section 2255 motion to vacate. See Gooden v. United States, 627 F.3d 846, 847 (11th Cir. 2010) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."); Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."). Because Soreide has already filed a section 2255 motion and has received no authorization to file a second or successive section 2255 motion, the

4

district court was without jurisdiction to consider the motion.  <u>See</u> 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion].").

The district court denied properly Soreide's purported Rule 12 motion for lack of jurisdiction and abused no discretion in denying Soreide's motion for reconsideration.

AFFIRMED.