[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12238

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEAN BAPTISTE JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20590-BB-1

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jean Baptiste Joseph, a federal prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* motion to dismiss his indictment under Fed. R. Crim. P. 12. The government has moved for summary affirmance and for a stay of the briefing schedule. We summarily affirm the district court's order and deny as moot the government's motion to stay the briefing schedule.

In October 2015, a federal grand jury returned a superseding indictment charging Joseph with being a felon in possession of a firearm, with possession with intent to distribute a controlled substance (ethylone and marijuana), and with possession of a firearm in furtherance of a drug-trafficking offense. Joseph was convicted on all counts and was sentenced to 660 months' imprisonment. We affirmed Joseph's convictions and sentence on direct appeal. *See United States v. Joseph*, 700 F. App'x 918 (11th Cir. 2017) (unpublished). The mandate issued on 3 August 2017.

In September 2018, Joseph filed a counseled motion to vacate under 28 U.S.C. § 2255. The district court denied the motion on the merits; we denied Joseph a certificate of appealability.

In May 2022, Joseph filed *pro se* the motion at issue in this appeal: a motion to dismiss the indictment for lack of jurisdiction, pursuant to Fed. R. Crim. P. 12. Briefly stated, Joseph contends that Counts 2 and 3 of the superseding indictment (offenses

involving ethylone) should be dismissed for lack of subject matter jurisdiction in the light of our decision in *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018).

The district court denied Joseph's motion for lack of jurisdiction, determining that Joseph's case was no longer "pending" for purposes of Rule 12(b)(2). The district court also determined that -- to the extent Joseph's motion could be construed as a section 2255 motion -- the motion constituted an unauthorized second or successive section 2255 motion over which the district court lacked jurisdiction.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review *de novo* questions about jurisdiction. *See United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998). We also read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The district court committed no error in denying Joseph's motion for lack of jurisdiction. Generally speaking, a motion alleging a defect in an indictment must be filed before trial. *See* Fed. R. Crim. P. 12(b)(3)(B). Rule 12(b)(2) provides, however, that a

motion challenging the district court's jurisdiction "may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). Here, Joseph filed his Rule 12(b) motion nearly five years after the mandate issued in his direct criminal appeal. At that point, his case was no longer "pending." *See United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009) (explaining that a defendant's criminal case ends -- and is no longer "pending" within the meaning of Rule 12(b) -- when the mandate issues on direct appeal or when the Supreme Court denies a petition for certiorari). The district court therefore lacked jurisdiction to consider Joseph's Rule 12(b) motion. *See id.*

The district court also considered properly whether Joseph's motion could be recharacterized as a section 2255 motion. *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."). Because Joseph had already filed a section 2255 motion and had received no authorization to file a second or successive section 2255 motion, the district court concluded correctly that it lacked jurisdiction to consider relief under section 2255. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion].").

22-12238                Opinion of the Court                5

No substantial question exists on the outcome of this appeal. Because the government's position is correct as a matter of law, summary affirmance is appropriate.  The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.