[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12714

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ADRIAN TREMAYNE WILSON,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cr-60212-RS-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Adrian Wilson appeals *pro se* the denial of two post-conviction motions to dismiss his indictment for lack of jurisdiction. Fed. R. Crim. P. 12(b)(2). The United States moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161, 1162 (5th Cir. 1969).

We review *de novo* questions of subject matter jurisdiction. *United States v. Wilson*, 979 F.3d 889, 902 n.6 (11th Cir. 1992).

A defendant may move to dismiss an indictment for lack of jurisdiction "at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). A case is no longer "pending" within the meaning of Rule 12 after we issue our mandate on direct appeal. *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009); *see also United States v. Diveroli*, 729 F.3d 1339, 1341-44 (11th Cir. 2013) (discussing *Elso* and concluding that a district court was divested of jurisdiction to consider a motion to dismiss while a defendant's direct appeal was

23-12714                Opinion of the Court                3

pending). In *Elso*, six months after we affirmed the defendant's convictions and sentences on direct appeal and issued our mandate, the defendant moved to dismiss his indictment for lack of subject-matter jurisdiction as to one conviction. 571 F.3d at 1165. We affirmed the denial of the defendant's motion because his case ended and "was no longer pending." *Id.* at 1166.

Summary affirmance is appropriate because the United States is clearly correct as a matter of law. There is no substantial question whether the district court erred in denying Wilson's post-conviction motions to dismiss his indictment for lack of jurisdiction. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Wilson's case "was no longer pending" under Rule 12(b) when we issued our mandate affirming his conviction and sentence on direct appeal. *Elso*, 571 F.3d at 1165. The district court did not err.

Because the position of the United States is clearly correct as a matter of law, we grant the motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**