[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12380

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WINSKY MONDESTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:11-cr-80078-DMM-2

_____

2                        Opinion of the Court                    23-12380

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant, Winsky Mondestin, is a federal prisoner serving a total 240-month sentence for his role in a July 2006 armed robbery of an armored van in Boca Raton, Florida. In 2023, roughly eight years after his convictions and total sentence became final, he filed a motion demanding either proof that his indictment had been returned in open court or dismissal of the indictment for lack of jurisdiction. The district court denied the motion, noting that the "[s]uperseding [i]ndictment was returned in open court by grand jury on July 12, 2011." Mondestin appeals, and the government moves for summary affirmance. We grant that motion and affirm.

Summary disposition of an appeal is "warranted where, among other circumstances, . . . the result is clear as a matter of law so that there can be no substantial question as to the outcome," *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019), or where "the appeal is frivolous," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161, 1162 (5th Cir. 1969).

A defendant may move to dismiss an indictment for lack of jurisdiction "at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). A case is no longer "pending" within the meaning of Rule 12 after we issue our mandate on direct appeal. *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009); *see also United States v. Diveroli*, 729 F.3d 1339, 1341–44 (11th Cir. 2013) (discussing *Elso* and

23-12380                 Opinion of the Court                 3

concluding that a district court was divested of jurisdiction to consider a motion to dismiss while a defendant's direct appeal was pending). In *Elso*, six months after we affirmed the defendant's convictions and sentences on direct appeal and issued our mandate, the defendant moved to dismiss his indictment for lack of subject-matter jurisdiction as to one conviction. 571 F.3d at 1165. We affirmed the denial of the defendant's motion because his case ended and "was no longer pending." *Id.* at 1166.

Summary affirmance is appropriate here because the government is clearly correct as a matter of law. There is no substantial question whether the district court erred in denying Mondestin's post-conviction motion for proof that his indictment was returned in open court or to dismiss the indictment. *See Brown*, 942 F.3d at 1076 n.6. Mondestin's convictions and total sentence have been final since 2015, when we issued our mandate affirming his sentences and the Supreme Court denied *certiorari*.[1] Because his case "was no longer pending" under Rule 12(b) when Mondestin filed his post-conviction motion, the district court did not err in denying the motion. *See Elso*, 571 F.3d at 1165.

---

[1] In 2013, on direct appeal, we vacated one count of conviction under 18 U.S.C. § 924(c)(1)(A), affirmed Mondestin's convictions on the remaining four counts, and remanded for further proceedings. *United States v. Mondestin*, 535 F. App'x 819, 824 (11th Cir. 2013), *cert. denied*, 571 U.S. 1183 (2014). After our mandate issued, the district court resentenced Mondestin on the remaining counts to a total term of 240 months in prison. We issued our mandate affirming the sentence in 2015, *see United States v. Aurelhomme*, 598 F. App'x 645 (11th Cir. 2015), and the Supreme Court denied review, *see* 572 U.S. 992 (2015).

4                         Opinion of the Court                    23-12380

Because the government's position is clearly correct as a matter of law, we **GRANT** the motion for summary affirmance.[2]

**AFFIRMED.**

---

[2] We **DENY** Mondestin's motion for default judgment.  The government timely filed its motion for summary affirmance, which stayed the briefing schedule.  *See* 11th Cir. R. 31-1(c).