[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13408
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00586-JSM-MAP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BEAU DIAMOND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Beau Diamond, a federal prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* post-judgment motion challenging the $23,065,090.34 restitution order entered following his 2010 convictions for wire fraud, mail fraud, illegal money transactions, and transportation of stolen property.[1] Diamond asserts that the order should be vacated because due process prevents ordering a criminal defendant to perform the impossible.

We are obligated to address the district court's jurisdiction to issue the ruling we are reviewing on appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). Jurisdictional issues are reviewed *de novo*. *See United States v. Stossel*, 348 F.3d 1320, 1321-22 (11th Cir. 2003) (reviewing whether a district court had jurisdiction to consider a defendant's motion to modify his sentence).

The Mandatory Victims Restitution Act ("MVRA") requires the district court to order restitution in fraud cases. 18 U.S.C. § 3663A(c)(1)(A)(ii). An order of restitution under the MVRA is issued and enforced in accordance with 18 U.S.C. § 3664. 18 U.S.C. § 3663A(d). Before the MVRA, restitution was

---

[1] To the extent Diamond also challenges the district court's ruling on his motion for clarification, we do not have jurisdiction to consider his argument because he did not identify that order in his notice of appeal. Although we construe such notices liberally, "[t]he general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal." *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1529 (11th Cir. 1987); *see also Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (explaining that when the appellant listed a specific order in his notice of appeal, we lacked jurisdiction to consider claims dismissed in an earlier, unnamed order).

2

discretionary and the district court was required to consider the defendant's ability to pay in determining the amount of restitution owed, but the MVRA eliminated a court's authority to consider that factor. *See United States v. Thayer*, 204 F.3d 1352, 1357 (2000). Now, under the MVRA, the court must order restitution to each victim in the full amount of each victim's losses as determined by the court without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A).

Courts do not have inherent authority to modify a sentence outside of the framework provided by statutes and the Federal Rules of Criminal Procedure. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (citing *Carlisle v. United States*, 517 U.S. 416, 426, 116 S. Ct. 1460, 1466 (1996) (providing that, whatever the scope of a district court's inherent power, it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure or statutory provisions)). The MVRA provides that an otherwise final order can be: (1) corrected under Federal Rule of Criminal Procedure 35; (2) appealed and modified under 18 U.S.C. § 3742; (3) amended under 18 U.S.C. § 3664(d)(5); or (4) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A. 18 U.S.C. § 3664(o)(1).

Rule 35(a) permits a district court to correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days of orally pronouncing

the sentence.  Fed. R. Crim. P. 35(a)(c).  Section 3742 governs direct appeals of sentences.  18 U.S.C. § 3742.  A restitution order can be modified under § 3664(d)(5) if the victim's losses are not ascertainable by a date 10 days prior to sentencing or if a victim subsequently discovers further losses.  18 U.S.C. § 3664(d)(5).  A restitution order can also be adjusted under § 3664(k) due to a material change in economic circumstances.  18 U.S.C. § 3664(k).  Finally, a court may adjust a payment schedule or take any other action necessary to obtain compliance with an order of restitution upon a finding that the defendant is in default.  18 U.S.C. § 3613A(a).

Diamond argued below that his total sentence could be modified under § 3742, but that provision only provides for amendments to sentences following appeals, and Diamond directly appealed without challenging his total sentence. *See* 18 U.S.C. § 3742(a).  Moreover, he did not argue that modification was proper under any of the other procedures set forth in § 3664(o).  Without statutory authorization to modify Diamond's restitution order, the district court lacked jurisdiction to alter its order.  *See Diaz-Clark*, 292 F.3d at 1317-18.  Accordingly, we construe the district court's order denying the motion as a dismissal and affirm. *Cf. Cani v. United States*, 331 F.3d 1210, 1216 (11th Cir. 2003) (construing a dismissal as a denial because the district court possessed subject matter jurisdiction and should have denied the defendant's motion on the merits).

4

**AFFIRMED.**