[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10299
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00215-TFM-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CODY DEAN HAGLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 3, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Cody Hagler, proceeding pro se, appeals the district court's denial of his motion to vacate his supervised release revocation for lack of jurisdiction and for being in violation of the district court's local rules. He argues on appeal that the district court erred in its denial because the sentence was unconstitutional, the prosecutor made false statements to the court at the supervised release hearing, and his counsel was ineffective for failing to challenge the false statements made by the prosecutor.

Whether a district court has jurisdiction is a question of law subject to plenary review. *United States v. Stossel*, 348 F.3d 1320, 1321 (11th Cir. 2003) (per curiam). The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013). "When an appeal is filed, the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." *Id.* (internal quotation mark omitted).

The local rules for the Southern District of Alabama provide that all persons proceeding pro se must comply with the local rules and that an attorney representing a party must sign all filings made on that party's behalf. *See* S.D. Ala. Gen. L.R. 83.5 (pro se compliance); *and* S.D. Ala. Gen. L.R. 5(a)(3) ("For filings by represented

2

parties, at least one attorney appearing in the action shall sign each document filed.").

Here, the district court did not err in concluding that it lacked jurisdiction because the direct appeal of Hagler's revocation judgment was pending at the time of his filing. Moreover, given that Hagler was represented at the time, the district court properly denied his pro se motion under its local rules. Accordingly, we affirm.

**AFFIRMED.**