[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11220

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFREY SPIVACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80016-KAM-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Spivack, proceeding *pro se*, appeals the district court's denial of his motion to dismiss the information, under Federal Rule of Criminal Procedure 12(b)(2), for violations of Federal Rule of Criminal Procedure 7(b) and 18 U.S.C. § 3161. He contends the district court erred when it found it lacked jurisdiction to consider his motion because his case was still pending, even though it was on direct appeal, and the charging document in his criminal case was insufficient, such that it did not confer jurisdiction to the district court. The Government responds by moving for summary affirmance of the district court's order, arguing Spivack's claim under Rule 7(b) lacked merit, and he waived his claim under § 3161 when he pleaded guilty.

The Government is entitled to summary affirmance of the district court's denial of Spivack's motion to dismiss the information because Spivack's appeal is frivolous.[1] *See Groendyke*

---

[1] We review *de novo* a district court's determination regarding its jurisdiction. *United States v. McIntosh*, 704 F.3d 894, 900 (11th Cir. 2013). We review for abuse of discretion a district court's denial of a motion for reconsideration. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007) (civil context).

22-11220                Opinion of the Court                3

*Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").

The district court did not err when it found it lacked jurisdiction to consider Spivack's motion to dismiss the information. Spivack's criminal judgment was finalized in May 2021, and he filed a direct appeal. At the time Spivack filed the motion to dismiss on March 15, 2022, his appeal was pending in this Court. Once Spivack filed his appeal, he conferred jurisdiction to us and divested the district court of its jurisdiction to take any action in the case, unless it does so to aid the appeal. *See United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (stating once an appeal is filed, jurisdiction is conferred on the court of appeals and the district court is divested of its jurisdiction over the case). Spivack's post-conviction motion to dismiss the information for a lack of jurisdiction necessarily implicates the outcome of his direct appeal, as a charging document that failed to invoke the district court's jurisdiction over his case undermines the validity of his convictions. *See United States v. McIntosh*, 704 F.3d 894, 906 (11th Cir. 2013). Whether Spivack raised the issue of the jurisdictional defect of his

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

information in his direct appeal is inconsequential because we have stated that we will *sua sponte* address the issue if the charging document is fatally flawed. *See Diveroli*, 729 F.3d at 1341. The district court was divested of jurisdiction to rule on a motion to dismiss the information after Spivack filed his notice of appeal of the judgment. *See id.* As such, we will not address the merits of Spivack's arguments regarding his motion to dismiss the information because this appeal is frivolous. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Regarding Spivack's motion for reconsideration, the district court did not abuse its discretion when it denied the motion because it lacked jurisdiction to consider the underlying motion to dismiss in the first place. *See id.*

Therefore, we GRANT the government's motion for summary affirmance of the district court's denial of Spivack's *pro se* motion to dismiss the indictment,[3] DENY as moot its motion to stay the briefing schedule, and DENY Spivack's construed motion for summary reversal.

AFFIRMED.

---

[3] Liberally construing Spivack's response to the Government's motion for summary affirmance as a motion for summary reversal, his motion is denied because his position is not clearly correct as a matter of law. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining *pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed); *Groendyke Transp., Inc.*, 406 F.2d at 1162.