[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13173

Non-Argument Calendar

_____

TAMIKO N. PEELE,
And Tamiko N. Peele,
Individually On Behalf Of Themselves,

Plaintiff-Appellant,

*versus*

THE UNITED STATES DEPARTMENT OF JUSTICE
THROUGH ITS UNITED STATES TRUSTEE PROGRAM,
REGION 21 AND IT'S OFFICIALS THE CHAPTER 13
TRUSTEE,
ERIK P. KIMBALL,
ROBIN R. WEINER, P.A.,
NANCY J ARGULA, et al.,

2                    Opinion of the Court                    22-13173

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14305-AMC

_____

_____

No. 22-14096

Non-Argument Calendar

_____

TAMIKO N. PEELE,
And Tamiko N. Peele,
 Individually On Behalf Of Themselves,

                                        Plaintiff-Appellant,

*versus*

THE UNITED STATES DEPARTMENT OF JUSTICE
THROUGH ITS UNITED STATES TRUSTEE PROGRAM,
REGION 21 AND IT'S OFFICIALS THE CHAPTER 13
TRUSTEE,
ERIK P. KIMBALL,
ROBIN R. WEINER, P.A.,

22-13173              Opinion of the Court                3

NANCY J ARGULA, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14305-AMC

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Tamiko Peele appeals, among other things, the district court's dismissal of her complaint. Rather than filing a response, several appellees have moved for summary affirmance, arguing Peele has abandoned any challenge to the district court's relevant orders, the appeal is frivolous, and the district court did not err in any respect. We address the parties' contentions in turn.

I.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969). An appeal is frivolous when the party is not entitled to relief because there is no basis in fact or law to support their position. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Section 1442(a)(1) permits the "United States or any agency thereof" to remove a civil action against it that is commenced in state court. 28 U.S.C. § 1442(a)(1). After a case is removed, a motion to remand the case on the basis of any defect, other than lack of subject matter jurisdiction, must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a).

Generally, arguments not raised in the district court cannot be raised on appeal. *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1247 n.4 (11th Cir. 2022) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004)). We have explicitly cautioned litigants that we "cannot allow [p]laintiff[s] to argue a different case [on appeal] from the case [they] presented to

the district court." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998).

In addition, an appellant can abandon an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (applying this rule to a *pro se* litigant). An appellant can also abandon a claim where he presents it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014). "[S]imply stating that an issue exists," without providing reasoning and citation to authority that the appellant relies on, "constitutes abandonment of that issue." *Id.* (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)).

In applying the preceding principles, we hold *pro se* pleadings to a less stringent standard and will liberally construe them. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But we will not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69. In addition, all litigants in federal court—*pro se* or counseled—are required to comply with the applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Further, claims should be stated in numbered paragraphs, each limited

as far as practicable to a single set of circumstances.  Fed. R. Civ. P. 10(b).  Rule 10(b) also mandates that each claim founded on a separate transaction or occurrence be stated in a separate count if doing so would promote clarity.  *Id.*

Shotgun pleadings waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.  *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2008).  The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions.  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).  We have repeatedly condemned the use of shotgun pleadings because those types of complaints do not provide a short and plain statement of the claim as is required under Rule 8.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.  *Weiland*, 792 F.3d at 1321–23.  All these

types of shotgun pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A district court can dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro*, 878 F.3d at 1295.

Typically, we review for abuse of discretion a district court judge's decision not to recuse himself. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455. *Id.* Under the former, a judge must recuse himself when a party to a district court proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party. 28 U.S.C. § 144.

Section 455 designates two primary reasons that a judge must recuse himself. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). Under § 455(a), a judge should recuse himself "when there is an appearance of impropriety." *Id.* The standard of review for whether a judge should have recused himself under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Id.* (quotation marks omitted). Recusal decisions under "§ 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *In re Moody*, 755 F.3d 891,

895 (11th Cir. 2014) (quotation marks omitted). The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Berger*, 375 F.3d at 1227 (quotation marks omitted). "Any doubts must be resolved in favor of recusal." *In re Moody*, 755 F.3d at 895 (quotation marks omitted and alteration adopted). Nonetheless, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (quotation marks omitted).

Distinctively, § 455(b) lists the several circumstances for when a judge should recuse himself, including, in relevant part, "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). Under § 455(b), "a judge should recuse himself under § 455(b) when any of the specific circumstances set forth in that subsection exist, which show the fact of partiality," and finding that one of the circumstances exists requires recusal. *Patti*, 337 F.3d at 1321-22.

Finally, we review the denial of a motion for reconsideration for abuse of discretion. *See United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). We have affirmed the denial of a motion for reconsideration when the defendant did not present newly discovered evidence. *See Arthur v. King*, 500 F.3d 1335, 1343–44 (11th Cir.

2007). We have also affirmed the denial of a motion for reconsideration where the defendant "did nothing but ask the district court to reexamine an unfavorable ruling." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

As a threshold matter, notwithstanding Peele's arguments to the contrary, the suit was properly removed to federal court and the district court did not err in implicitly denying Peele's motions to remand. The Federal Defendants (the Department of Justice ("DOJ"), the United States Department of Education ("DOE"), the United States Social Security Administration ("SSA"), the United States Postal Service ("USPS"), and United States Bankruptcy Court Judge Erik P. Kimball) properly removed the case to federal court, pursuant to 28 U.S.C. § 1442(a)(1) and (3), because the DOJ, DOE, SSA, and USPS, federal agencies, were named as defendants. 28 U.S.C. § 1442(a)(1). Peele has not identified any defect in the removal, as contemplated by § 1447(c). 28 U.S.C. § 1447(c). Further, Peele has not raised any coherent argument on appeal that might warrant remand. *Id.* Finally, the district court properly and permissibly exercised supplemental jurisdiction over any claims in the suit which were not the basis of the federal removal. 28 U.S.C. § 1367. Therefore, to the extent that Peele's briefs challenge the removal of the case to federal court, her argument is meritless.

Here, for both procedural and substantive reasons, summary affirmance is warranted.

Procedurally, Peele has abandoned her challenges to all of the district court's orders by failing to adequately raise them in her

initial brief.  Peele does not argue that her complaint was not a shotgun-pleading and has made only passing references to the district court's order denying recusal and denying her motion to reopen the case.  *Irwin*, 40 F.3d at 347 n.1; *Sapuppo*, 739 F.3d at 681; *Singh*, 561 F.3d at 1278.  While we liberally construe *pro se* pleadings, we do not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell*, 760 F.3d at 1168-69.  And while Peele correctly asserts that she has proceeded *pro se* throughout this litigation, we have repeatedly found that pro se litigants must comply with applicable procedural rules.  *Albra*, 490 F.3d at 829.  For this reason alone, there is "no substantial question as to the outcome of the case," so we could grant the motions for summary affirmance and affirm.  *Groendyke Transp.*, 406 F.2d at 1161-62.

But even assuming Peele's lengthy filings have preserved a challenge to the district court's orders, the district court did not err.

First, the district court did not abuse its discretion in dismissing Peele's complaint as a shotgun pleading.  *See Weiland*, 792 F.3d at 1321-23.  Peele's complaint is a quintessential shotgun pleading because it contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contained irrelevant factual allegations and legal conclusions.  *Strategic Income Fund*, 305 F.3d at 1295; *Weiland*, 792 F.3d at 1321–23.  Further, the count headings and allegations make it difficult to ascertain which defendant is responsible for which act or omission, since Peele frequently asserted

multiple claims against multiple defendants (or all defendants) without specifying which defendants were responsible for which acts or omissions, creating uncertainty regarding to whom each allegation referred. *See Weiland*, 792 F.3d at 1321-23. Because the complaint was a shotgun pleading, the district court properly dismissed it without prejudice and granted Peele leave to replead her complaint. *Vibe Micro*, 878 F.3d at 1295.

Second, the district court did not abuse its discretion in denying the motion to recuse. *Berger*, 375 F.3d at 1227. First, it was unclear on what grounds Peele requested recusal, and there is nothing, in the record or on appeal, that might show "an appearance of impropriety" such that recusal would have been proper. *Patti*, 337 F.3d at 1321; 28 U.S.C. § 455(a). Instead, it appears that Peele was simply seeking recusal based on the district court's prior judicial rulings, which are "almost never" a valid basis for recusal, *Liteky*, 510 U.S. at 555. Further, recusal was not proper under § 445(b) or § 144 either, because there is nothing in the record that might suggest that the district court judge had personal bias or prejudice concerning a party or knowledge of evidentiary facts. 28 U.S.C. §§ 144, 455(b); *Patti*, 337 F.3d at 1321-22. For these reasons, the district court did not abuse its discretion in denying the motion to recuse.

Third, the district court did not abuse its discretion in denying the motion to reopen the case, because the motion was frivolous and failed to provide any basis upon which the district court could give relief. *Bilal*, 251 F.3d at 1349. Much of the relief she

requested in that motion, moreover, appears to have been for things that the district court lacked jurisdiction to grant her in any event, because Peele had already appealed. *See United States v. Diveroli*, 729 F.3d 1339, 1341-44 (11th Cir. 2013) (explaining that the filing of a notice of appeal normally divests the district court of authority to proceed further with respect to any matters involved in the appeal, except in aid of the appeal). Denial of this motion, as well, was not an abuse of discretion.

For these reasons, the appellees' position is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," so we GRANT the motions for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1161-62.

**AFFIRMED.**