[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11808

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TROY MARKEITH GRIFFIN,
a.k.a. OGC,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00453-MSS-AEP-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Troy Markeith Griffin, a federal prisoner proceeding *pro se*, filed motions in the district court, seeking dismissal of the indictment against him and suppression of evidence used at his criminal trial. The district court dismissed the motions, concluding that it lacked jurisdiction to consider them. After careful consideration, we affirm.

## I.

In November 2015, Griffin, along with several others, was charged with conspiracy to commit Hobbs Act robbery (Count One), Hobbs Act robbery (Count Two), and brandishing a firearm in furtherance of a crime of violence, specifically the conspiracy charged in Count One (Count Three). A jury found Griffin guilty of all three crimes. The district court sentenced him to a total sentence of 294 months' imprisonment: 210 months for Counts One and Two, followed by a consecutive sentence of 84 months for Count Three. On an initial direct appeal, we affirmed Griffin's convictions and sentence. *See United States v. Griffin (Griffin I)*, 724 F. App'x 808 (11th Cir. 2018) (unpublished).

Griffin, proceeding *pro se*, filed a § 2255 motion to vacate his sentence, primarily raising ineffective-assistance-of-counsel claims. During those proceedings, the district court ordered the government to address the effect of *United States v. Davis*, 139 S. Ct. 2319

(2019), on Griffin's conviction on Count Three. In response, the government conceded that this conviction should be vacated. The district court subsequently vacated the conviction on Count Three but otherwise denied Griffin relief. The district court then held a new sentencing hearing and imposed a sentence of 235 months for Counts One and Two.

Griffin appealed. He argued that his new sentence was not substantively reasonable. But we concluded that the "district court was within its discretion to resentence him to 235 months' imprisonment" and affirmed. *United States v. Griffin (Griffin II)*, No. 21-12727, 2023 WL 239763, at *3 (11th Cir. Jan. 18, 2023) (unpublished). Griffin also argued on appeal that the district court abused its discretion by not vacating all of his convictions and ordering a new trial. *Id.* at *2 n.1. We dismissed this portion of the appeal, concluding that we "lack[ed] jurisdiction to entertain" it because Griffin did "not have a certificate of appealability." *Id.*

After we issued our decision in *Griffin II* but before the mandate in that appeal issued, Griffin filed a motion in the district court under Federal Rule of Criminal Procedure 12(b)(3), seeking dismissal of the indictment. He argued that the defect with respect to the firearm charge in Count Three infected the "whole of the indictment" and that, as a result, the indictment was "not plain, concise[,] or definite." Doc. 425 at 1–2.[1] A few days after Griffin filed this motion, we issued the mandate in *Griffin II*.

---

[1] "Doc." numbers refer to the district court's docket entries.

After reviewing Griffin's Rule 12(b)(3) motion, the district court issued an order, noting that Griffin was challenging the indictment but that any "claim collaterally attacking his convictions and sentences" had to be raised in a motion to vacate filed under 28 U.S.C. § 2255. Doc. 428 at 2. The district court explained that it could construe Griffin's filing as a § 2255 motion but warned him about the limit on second or successive § 2255 motions. The court asked Griffin whether he agreed that his motion should be construed as seeking relief under § 2255. Griffin responded that he did not agree with his motion being construed as a motion to vacate under § 2255 and stated that he was proceeding instead under Rule 12(b)(3). He later filed a motion to suppress "all and any evidence" pertaining to the firearm charge in Count Three. Doc. 430 at 2. He purported to file that motion under Rule 12(b)(3) as well.

The district court dismissed both of Griffin's motions. The court explained that because an appellate court had previously affirmed his convictions and sentences, Griffin's case was "no longer pending" before the district court, and thus it "lack[ed] jurisdiction to rule on" the motions. Doc. 431 at 2. This is Griffin's appeal.

## II.

We review "*de novo* questions regarding a district court's subject matter jurisdiction." *United States v. Wilson*, 979 F.3d 889, 902 n.6 (11th Cir. 2020).

## III.

Federal Rule of Criminal Procedure 12 provides that certain types of motions, including motions to suppress and some types of

motions raising defects in indictments, must be filed before trial. Fed. R. Crim. P. 12(b)(3)(B), (C). If a defendant files one of these motions after the start of trial, the motion is "untimely," and a court may consider the motion only if the defendant "shows good cause" for the delay. Fed. R. Crim. P. 12(c)(3); *United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020).

In addition, when an appeal is filed, the district court is divested of jurisdiction "over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). In *United States v. Diveroli*, while a defendant's direct appeal was pending, he filed a motion to dismiss in the district court, arguing that there was a defect in the charging document. 729 F.3d 1339, 1340–41 (11th Cir. 2013). Although the district court considered the merits of the motion, we held that it lacked jurisdiction to entertain the motion while the defendant's direct appeal was pending. *Id.* at 1341–43. And in *United States v. Elso*, we held that a district court "lacked authority to hear" a Rule 12(b)(3) motion filed after the defendant's direct appeal proceedings had concluded. 571 F.3d 1163, 1166 (11th Cir. 2009).[2]

---

[2] At the time *Diveroli* and *Elso* were decided, an earlier version of Federal Rule of Criminal Procedure 12(b)(3) was in effect. Under that version of the rule, a district court could hear a claim that the indictment failed to state an offense so long as the motion was filed "while the case [was] pending." *Elso*, 571 F.3d at 1166 (quoting Fed. R. Crim. P. 12(b)(3)). Even considering that Rule 12(b)(3) was later amended to provide that such a motion be filed before trial, *Diveroli* and *Elso* nevertheless tell us that a district court lacks jurisdiction to consider a

Here, by the time Griffin filed his Rule 12(b)(3) motion to dismiss, the district court had vacated his conviction on Count Three and imposed a new sentence on Counts One and Two. In addition, we had issued our opinion in *Griffin II* affirming the new sentence, although we had not yet issued the mandate for that appeal. Because the direct appeal was pending in an appellate court when Griffin filed the motion to dismiss, the district court lacked jurisdiction to consider it. *See Diveroli*, 729 F.3d at 1341. It is true that we issued the mandate in *Griffin II* a few days later. But because we affirmed, our decision meant that Griffin's direct appeal proceedings had concluded, and his case had ended. *See Elso*, 571 F.3d at 1165–66. The district court thus lacked jurisdiction to consider his motion to dismiss. *See id.* at 1166. Similarly, the district court lacked jurisdiction to consider the motion to suppress because Griffin filed it after his direct appeal had concluded.[3] *Id.*

**AFFIRMED.**

---

Rule 12(b)(3) motion filed while the defendant's direct appeal is pending or after his appellate proceedings have concluded.

[3] Also pending before the Court is Griffin's Motion for Default. That motion is DENIED.