[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11757

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAURICIO GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80087-DMM-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Mauricio Gonzalez, proceeding *pro se*, appeals the district court's denial of his third motion for a new trial under Fed. R. Crim. P. 33. He argues that his motion was timely because he filed it within the three-year deadline and identified newly discovered evidence. The government raised a jurisdictional question in its response brief, arguing that the district court did not have jurisdiction to hear the motion because Gonzalez's second motion for a new trial was already pending on appeal.

## I.

When a district court lacks jurisdiction, we have jurisdiction on appeal only to correct the "lower court's error in entertaining the suit." *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999).

Filing a notice of appeal "is an event of jurisdictional significance" that confers jurisdiction to the appellate court and divests the district court's jurisdiction over aspects of the case involved in the appeal. *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quotation marks omitted). When a notice of appeal is filed, the district court maintains jurisdiction to take actions only "in aid of the appeal." *Id.* Likewise, the district court generally maintains jurisdiction to entertain a motion for a new trial based on newly discovered evidence under Rule 33(b)(1) while an appeal is

pending, and it can either deny the motion or indicate its intent to grant the motion. Fed. R. Crim. P. 37(a); *United States v. Khoury*, 901 F.2d 975, 976 & n.3 (11th Cir. 1990). However, the language of Rule 37 provides that it must be a "timely motion." Fed. R. Crim. P. 37(a).

We review a district court's denial of a motion for a new trial for abuse of discretion. *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013). We also review a denial of a motion on grounds of untimeliness for abuse of discretion. *United States v. Smith*, 918 F.2d 1501, 1509 (11th Cir. 1990). "A district court abuses its discretion when it misapplies the law in reaching its decision or bases its decision on findings of fact that are clearly erroneous." *Scrushy*, 721 F.3d at 1303.

Under Rule 33, a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Generally, a motion for a new trial must be filed within 14 days after the verdict is returned. Fed. R. Crim. P. 33(b)(2). An exception exists, however, for motions based on newly discovered evidence, which may be filed within three years of the return of the verdict. Fed. R. Crim. P. 33(b)(1).

The timeliness of a Rule 33 motion for a new trial is not a jurisdictional question but rather, a claim-processing rule. *Eberhart v. United States*, 546 U.S. 12, 19 (2005). The deadline for filing a motion for a new trial, based on any ground other than newly discovered evidence, is rigid. *United States v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006) (*en banc*) (upholding the district court's denial

of a renewed motion for a new trial based on the interests of justice under Rule 33(b)(2) where the motion was untimely).  The government can forfeit its defense of untimeliness if it fails to raise the defense before the district court reaches the merits of the Rule 33 motion.  *See Eberhart*, 546 U.S. at 17-19.

To merit a new trial based on newly discovered evidence, the defendant must show that: (1) the evidence was discovered following trial, (2) the defendant exercised due care to discover the evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is of such nature that a new trial would probably produce a different result.  *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995).  "The failure to satisfy any one of these elements is fatal to a motion for new trial." *Id.* at 1274.  Newly discovered evidence "may be probative of another issue of law," but does not need to directly relate to the defendant's guilt or innocence to justify a new trial.  *Campa*, 459 F.3d at 1151 (quotation marks omitted) (explaining that a *Brady* violation or questions of the impartiality of the jury may justify a new trial).

Here, the district court properly found that the motion for new trial was untimely.  It did not present any new evidence so it did not qualify for the larger timeframe in which to file.  Instead, a motion such as the one Gonzalez filed should have been filed within two weeks of July 27, 2021—the date he was convicted—and as such was over two years late.  Because the filing was untimely, it does not fall within the exception found in Rule 37(a) for

motions filed when an appeal is docketed and pending.  Therefore, the district court lacked jurisdiction and should have dismissed the motion.  We vacate and remand for the district court to dismiss the motion.

**VACATED and REMANDED.**