[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10986

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAURICIO GONZALEZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80087-DMM-1

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Mauricio Gonzalez, proceeding *pro se*, appeals the district court's dismissal of his third motion for a new trial under Federal Rule of Criminal Procedure 33. He argues that the district court erred by dismissing his motion for a new trial because the district court's failure to allow him to make a closing argument at trial constituted newly discovered evidence. The government moves for summary affirmance, asserting that the district court properly dismissed Gonzalez's third motion for a new trial in accordance with our mandate.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review questions regarding a district court's subject matter jurisdiction *de novo*. *United States v. Wilson*, 979 F.3d 889, 902 n.6 (11th Cir. 2020). We also review whether a district court complied with a mandate *de novo*. *United States v. Crape*, 603 F.3d 1237, 1241 (11th Cir. 2010).

Filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quotation marks omitted). A district court has jurisdiction to entertain a timely motion for a new trial under Rule 33 while an appeal is pending to the extent that it can deny the motion or certify its intent to grant the motion. *United States v. Khoury*, 901 F.2d 975, 976 n.3 (11th Cir. 1990); Fed. R. Crim. P. 37(a). Under Rule 33, a district court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial must be filed "within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). However, if the motion is based on newly discovered evidence, it may be filed within three years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1).

Pursuant to the law of the case doctrine, "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (quotation marks omitted). The doctrine bars "relitigation of issues that were decided either explicitly or by necessary implication" and it serves the purposes of ending litigation, avoiding disturbing settled issues, and ensuring "that lower courts obey appellate orders." *Id.* (quotation marks omitted).

Under the mandate rule, which is a specific application of the law of the case doctrine, a district court acting under an appellate court's mandate, "cannot vary it, or examine it for any other purpose than execution," or provide any "other or further relief." *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1299 (11th Cir. 2018) (quotation marks omitted).  Instead, the district court "must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985).  The mandate rule is only inapplicable if "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." *United States v. Stein*, 964 F.3d 1313, 1323 (11th Cir. 2020) (quotation marks omitted).

Additionally, a notice of appeal must designate an already existing judgment or order, "not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed." *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).

Finally, we construe a *pro se* litigant's pleadings liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

As an initial matter, it is unclear whether Gonzalez seeks to challenge the district court's dismissal of his motion for reconsideration of the dismissal of his third motion for a new trial.  However, because Gonzalez was permitted to designate only existing orders in his notice of appeal, the scope of this appeal is limited to

25-10986                Opinion of the Court                5

the order of dismissal that the district court entered on March 10, 2025. *See Bogle*, 162 F.3d at 661.

We conclude that summary affirmance is appropriate here because the government's position that the district court properly dismissed Gonzalez's third motion for a new trial is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162. The district court did not err by dismissing Gonzalez's third motion for a new trial for lack of jurisdiction because we expressly instructed it to do so. *See Gonzalez v. United States*, No. 24-11757, manuscript op. at 5 (11th Cir. Dec. 30, 2024). In accordance with the mandate rule, the district court was required to enter an order of dismissal that strictly complied with our mandate and was not permitted to provide Gonzalez with any other forms of relief, examine the mandate "for any other purpose than execution," or otherwise deviate from our instructions. *Cambridge Univ. Press*, 906 F.3d at 1299; *Piambino*, 757 F.2d at 1119. Additionally, none of the exceptions to the mandate rule applied. *Stein*, 964 F.3d at 1323. Thus, the district court did not err by dismissing Gonzalez's third motion for a new trial for lack of jurisdiction at our direction.

Accordingly, because the government's position that the district court did not err by entering the March 10, 2025, order of dismissal is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.