**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-10632

Non-Argument Calendar

————————————

ALCINA SCOTT,

*Plaintiff-Appellant,*

*versus*

MIAMI DADE COUNTY,
    a political subdivision of the State of Florida,
JOVAN PEREZ,
    in his individual capacity,
JONATHAN MENOCOL,
    in his individual capacity,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24312-FAM

————————————

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Alcina Scott appeals from the district court's January 23, 2025, order granting the defendants' motion for summary judgment and final judgment.  Because we conclude that the district court lacked jurisdiction to resolve at least some of the claims included in the order and judgment, those rulings are VACATED, this appeal is DISMISSED, and the case is REMANDED.

## I.

In November 2023, Scott filed a complaint.  In April 2024, the defendants filed a motion for partial judgment on the pleadings, seeking judgment on some, but not all, of her claims.  They also filed a motion for summary judgment, again seeking judgment on some, but not all, of Scott's claims.  Crucially, the defendants sought judgment on Counts III and IV-B against Jonathan Menocal and Count V against Miami-Dade County in both of their motions.  In October 2024, the district court entered an order denying the defendants' first motion.  In November 2024, the defendants appealed.  Then, while that appeal was pending, the district court entered the order granting the defendants' second motion and final judgment, from which Scott has now appealed.

A jurisdictional question asked the parties to address whether the instant appeal was taken from a final decision, including whether the district court had jurisdiction to enter the order and judgment.  The parties respond that the district court lacked jurisdiction to enter those rulings because of the defendants'

then-pending appeal[1] and that, as a result, we should dismiss this appeal because it is not taken from a final decision.

## II.

As an initial matter, the defendants' motion to correct their response to the jurisdictional question is GRANTED.

We agree with the parties that the district court lacked jurisdiction to resolve at least some of the claims included in the January order and judgment. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The resolution of those claims was not an action taken in furtherance of the first appeal. *See Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Nor were those claims collateral to the issues in that appeal. *See id.*

In these situations, we vacate the district court's rulings. *See United States v. Diveroli*, 729 F.3d 1339, 1340-41, 1344 (11th Cir. 2013) (vacating a district court's denial of a criminal defendant's postjudgment motion to dismiss the information because the court lacked jurisdiction to consider the merits of the motion while the defendant's conviction and sentence were being appealed). Thus, the district court's January 2025 order and judgment are VACATED.

---

[1] The defendants voluntarily dismissed their appeal after the district court entered the January 2025 order and final judgment.

As a result, this appeal is not taken from a final decision, because at least some of Scott's claims have not been resolved. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . have jurisdiction [over] appeals from all final decisions of the district courts."); *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (quotation marks omitted)); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining, conversely, that a ruling that disposes of fewer than all claims of all parties is not final). Accordingly, this appeal is DISMISSED.  The case is REMANDED to the district court for further proceedings.